## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TEAM KENNEDY, LIBERTARIAN PARTY : OF ILLINOIS, ROBERT F. KENNEDY JR., : WILLIAM REDPATH, and ANGEL OAKLEY: : | |
|     **Plaintiffs,** : : | |
| : | Civil Action No. 24 CV 7027 |
| **vs.** : : | Honorable John Kness |
| ILLINOIS STATE BOARD OF ELECTIONS,: and, BERNADETTE MATTHEWS, in her : official capacity as the Executive Director of the Illinois State Board of Elections, : : | Magistrate Judge Jeannice |
|     **Defendants.** | |

### Plaintiffs' Opposition to Intervenor-Objectors' Motion to Intervene

Plaintiffs Team Kennedy, Libertarian Party of Illinois, Robert F. Kennedy Jr., William Redpath and Angel Oakley ("Plaintiffs"), by and through their undersigned legal counsel, file their Opposition to Proposed Intervenor-Objectors' Motion to Intervene (Dkt. #`5), and state in support of, the following:

**"Lawfare for Me, but not for Thee."**

The nominal objectors under Illinois' private challenge system of testing ballot access petitions are Joseph Mullen Duffy and Zach Koutsky; however the actual enabler of this election challenge, and objectors make no secret of it, is Clear Choice PAC, a political action committee that has committed itself to removing from every ballot in all fifty states each and every third-party and independent candidate for president. See clearchoicepac.com. (last visited August 19, 2024). Their reason: the existential threat to American democracy posed by former President Donald J. Trump. *Id.* The fact that the proposed intervenors, nee

objectors, are simply placeholders for this political lobbying effort, will prove important for this court's analysis, *infra.*

While objectors, recast as proposed intervenors state that the Plaintiffs in this case "ask[] for the same ultimate relief as in the matter pending before Judge Daniels — stopping the rightful administrative body... from ruling on duly filed objections to nomination papers filed by candidates seeking to have their names printed on the Illinois ballot as prescribed by Illinois Law," that is no longer the case[1].

### Proposed intervenors are not state-actors, and this Section 1983 lawsuit concerns state action.

The Plaintiffs are asking this court to enjoin the State of Illinois' violations of the First and Fourteenth Amendments through its excessively burdensome ballot access laws. Plaintiffs are not asking this court to re-weigh any evidence presented in the state administrative proceeding, or apply the law; rather, Plaintiffs are asking only that this honorable court to enjoin overtly unconstitutional election laws based upon the *Anderson-Burdick* balancing test. *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564 (1983); *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S.Ct. 2059 (1992).

This Court however cannot uphold Illinois' dual circulator ban as applied to presidential campaigns without overturning or nullifying *Meyer v. Grant, Buckley v. American Constitutional Law Foundation, U.S. Term Limits v. Thornton,* and *Trump v. Anderson*[2] in the process. By Defendants' own count Team Kennedy had over

---

[1] The court in 24 cv 6227, *Oakley v. State Board of Elections,* today dismissed that action pursuant to Plaintiff's motion under Fed. R. Civ. Pro. 42 (a)(1).
[2] *Meyer v. Grant*, 486 U.S. 414, 420, 424, 108 S.Ct. 1886 (1988); *Buckley v. Am. Constitutional Law Found., Inc.*, 525 U.S. 182, 195-97, 119 S.Ct. 636 (1999); *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995); *Trump v. Anderson*, 601 U.S. 100, 144 S.Ct. 662 (2024) (March 4th, 2024).

43,000 valid signatures of Illinois voters, which is 18,000 more than Illinois' already considerable 25,000 signature threshold for presidential and statewide independent and third party candidates. *MacDougall v. Green*, 335 U. S. 281 (1948), overturned by *Moore v. Ogilvie*, 394 U.S. 814 (1969).

By even entertaining the objectors' defective petition that failed to name the actual Illinois residents that sought to fill offices at the November 5, 2024 general election (10 ILCS 5/2A-1.2(a)), the Illinois State Board of Elections has gravely burdened and irreparably harmed, *inter alia*, a presidential campaign supported by millions of voters in every state, of which at least 43,000 verified Illinois voters associated to see their Electors eligible to be voted upon. "[I]n a Presidential election 'the impact of the votes cast in each State is affected by the votes cast'— or, in this case, the votes not allowed to be cast— 'for the various candidates in other States.' " *Trump v. Anderson*, 601 U. S. 100 (2024), quoting *Anderson v. Celebrezze*, 460 U. S. 780, 794–795 (1983). This is why it is fitting and necessary that this case be decided by an Article III Judge in the U.S. District Court.

Burdening the Kennedy Campaign is the stated goal of the Clear Choice Objectors, who now seek to intervene, with an able ally in the State Board. Granting the Motion to Intervene would not only add an additional team of attorneys to further burden Team Kennedy, but ultimately would not change a jot or tittle of the words in the Illinois Election Code, nor would it add to or subtract from the holdings in *Meyer* and the other cases cited *supra*. Proposed intervenors have nothing to add regarding constitutionality of the Election Code, particularly since the Attorney General's office is quite capable of defending the State's laws.

**Objectors' interest in this litigation is not legally cognizable,
but nonetheless is adequately protected by defendants**

The Illinois State Board of Elections is ably represented by the Illinois Attorney General's office that will fully protect whatever State interest there may be in restricting circulation of petitions. In fact, under this Circuit's precedent, a governmental defendant is presumed to be adequate representation.

The Federal Rules of Civil Procedure set forth four requirements which a proposed intervenor must satisfy before intervention of right is allowed: (1) the application must be timely; (2) the applicant must have a direct and substantial interest in the subject matter of the litigation, (3) the applicant's interest must be impaired by disposition of the action without the applicant's involvement; and (4) the applicant's interest must not be represented adequately by one of the existing parties to the action. Fed.R.Civ.P. 24(a)(2); *United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir.1985); *Democratic National Committee and Democratic Party of Wisconsin, v. Bostelmann, et al.*, 3:20-cv-249-wmc (W.D.WI.) (April 2, 2020).

Further, the applicant has the burden of proving each of the four elements of intervention as of right; the lack of one element requires that the motion to intervene be denied. *36.96 Acres*, 754 F.2d at 858; *Keith v. Daley*, 764 F.2d 1265 (7th Cir. 1985).

In this case, the proposed intervenors cannot intervene as a matter of right, nor is it prudent or just for this honorable court to grant them permissive intervention. The complaint encompasses the rights of the Libertarian Party, which are beyond the current election. It unfair and burdensome to allow the objectors as

proposed intervenors to continue to attack the other plaintiffs in this lawsuit, as a species of legal *posse* constituted to assist the State defendants.

In *Bostelmann*, the Western District of Wisconsin observed that, even when "there is no reasonable dispute that [proposed intervenors'] proposed defense of the challenged laws shares common questions of law and fact with the main action" that "[s]till, a court may deny permissive intervention where adding the proposed intervenors could unnecessarily complicate and delay all stages of this case." *Bostelman,* supra, citing *36.96 Acres,* 754 F.2d at 860 (internal quotes omitted). Proposed intervenors have no standing to complicate and delay the Libertarian Party's rights to seek an adjudication of the constitutionality of 10 ILCS 5/10-4 and other provisions of the Illinois Election Code, see Dkt. 1.

Thus, under *Bostelmann* and *36.96 Acres*, a district court should deny permissive intervention in order to avoid the likelihood of undue delay and prejudice to the rights of the original parties and to avoid prolonging an already lengthy and tired lawsuit. *Id*.  Here despite collecting 43,000 valid signatures by the State's own count, Team Kennedy has fought tooth and nail daily since July 1st when objectors filed their facially-defective petition. Where time is of the essence, the court should deny the motion to intervene in an effort to expedite and not overly complicate the proceedings. *Id.*

In *Keith v. Daley*, supra, a group of physicians filed a lawsuit seeking a declaratory judgment that Illinois' abortion law violated the United States Constitution and sought a permanent injunction prohibiting the State of Illinois from enforcing any of its provisions. *Keith v. Daley*, 764 F.2d 1265 (7th Cir. 1985). The lawsuit named state agencies and officials as defendants. *Id.* The IPC (Illinois

Pro-Life Coalition) as a political lobbying group sought to intervene. *Id.* The district court denied the lobby group's request to intervene as a matter of right. *Id.* The district court also denied IPC's motion for permissive intervention. *Id.* The Seventh Circuit affirmed both decisions of the district court. *Keith v. Daley*, 764 F.2d at 1267.

The intervenors in *Keith* asserted as the interests of its members its intensive lobbying, and its counsel "also asserted its frequent representation of intervenors in other lawsuits relating to the constitutionality" of the law. *Id.* at 1268. The proposed intervenors, and objectors at the State Officers Electoral Board proceeding, are similarly lobbying against independent (and third party) candidates.

A proposed intervenor must demonstrate a direct, significant and legally protectable interest in the property at issue in the lawsuit. The interest must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit. *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir.1982) (per curiam). The interest must be so direct that the applicant would have "a right to maintain a claim for the relief sought." *Heyman v. Exchange National Bank of Chicago*, 615 F.2d 1190, 1193 (7th Cir.1980).

The interest of a proposed intervenor, however, must be greater than the interest sufficient to satisfy the Article III standing requirement and the interest must be a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). Intervenors may have a political *preference*, but not an cognizable *interest*, to decide who is on the Illinois ballot; that right belongs to the voters of Illinois.

The proposed intervenors can claim no right to the *de facto* two-party system they seek to maintain. There is no "right" not to lose an election. The critical concern is not the theoretical interests of proposed intervenors but whether already initiated litigation should be extended to include additional parties. *Wade*, 673 F.2d at 184. In this case, it would be patently unfair to permit the proposed intervenors to continue to litigate against the Kennedy plaintiffs, and worse still to allow them to vex the other plaintiffs in the lawsuit who seek to overturn other burdensome ballot access laws, in addition to the dual circulator ban.

The Seventh Circuit rejected arguments by the *Keith* intervenors that the "interest" factor must be broadly construed in public law cases where, as here, public interest organizations such as Clear Choice seek intervention by and through the objectors, as their proxy. Here, as in *Keith*, it is a political operation or lobby group that seeks to intervene into this Section 1983 action, yet, has no authority to defend Illinois laws and can only present argument as a lobbyist, seeking better "tools" to deny First Amendment ballot access and control who may appear on the ballot.

There is no merit to liberalizing intervention, to allow lobbyists to express opinions of their organizational interest. The Seventh Circuit rejected suggestions by legal commentors that the complexity and multiplicity of interests in modern claims for relief required 'liberalized intervention practices." *Keith v. Daley*, 764 F.2d at 1268.

A generalized interest in a public policy question such as, e.g., a "sound educational system" is not enough to establish intervention as of right. *Keith*, 764 F.2d at 1269, citing *Brookins v. South Bend Community School Corp.*, 710 F.2d 394 (7th

Cir.1983). *Keith v. Daley* further noted that the Seventh Circuit in *Wade v. Goldschmidt*, 673 F.2d 182 (7th Cir.1982) concluded that the status of a lobbyist did not alone create a direct and substantial interest sufficient to support intervention as of right. The intervenors in *Wade* asserted generalized economic, personal and environmental interests of the sort of political interests asserted here.

The clearest example of a substantial interest is where the would-be intervenor has a legal claim that could be made the basis of an independent suit against the defendant in the Section 1983 action in which he seeks to intervene. No such claim exists here. See *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503 (7th Cir. 1996). The objectors have no cause of action lying against the Kennedy Campaign for trying to elect a president, and their purported state right to assert their desire to see that the election laws "are properly complied with" has run its course, as they have rested in their case below.

Importantly for this case, *Wade* as well as *Keith* held that in a suit brought to require compliance with federal statutes, only the governmental entity charged with enforcement of State laws can be named as defendants. The same should hold true for a suit brought to require compliance with the federal constitution. *Keith* also noted that *39.96 Acres of Land*, supra, was a lobbying case; and that is to say, a political one.

**A governmental defendant's adequacy of representation is presumed.**

According to the Seventh Circuit, adequacy of representation can be presumed when the party on whose behalf the applicant seeks intervention is a governmental body or officer charged by law with representing the interests of the proposed intervenor. *United States v. South Bend Community School Corp.*, 692 F.2d

623 (7th Cir.1982); *Keith*, 764 F.2d at 1270 (7th Cir. 1985). In this case, the Illinois State Board of Elections is charged with the impartial representation of all the voters of Illinois. The interests of the proposed intervenors along with all other Illinois voters, are adequately represented. This is strikingly evident because the State Board of Elections is the agency charged with enforcement of the Election Code, and is ably represented by the Attorney General's office that similarly and regularly defends Illinois laws against constitutional challenges.  What could private attorneys add, that is not already being addressed by Defendants and their attorneys?!

When exercising its discretion, a district court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *Daggett v. Comm'n on Governmental Ethics & Election Practices,* 174 F.3d 104, 113 (1st Cir. 1999).  In this case, there is no right to intervention, as this case is challenging the constitutionality of Illinois law, not the Defendants' fact-finding or hearing process *per se*.

This case also presents no unusual circumstances to justify a permissive intervention. To the contrary, the Defendant Illinois State Board of Elections' vigorous defense of this action will adequately represent any purported objector interests in "seeing that the election laws governing the filing of nomination papers for the office of President and Vice-President of the United States, respectively, are properly complied with...[3]"  Objectors do not have, and cannot have, any interest or

---

[3] See *Introduction* to Objector's Petition; The irony is, of course, that there are no nomination papers filed for the office of "President and Vice-President of the United States" with the Illinois State Board of Elections, as electing presidents is the exclusive province of the Electoral College.  The Illinois Election Code defines the offices filled at the Nov. 5, 2024 general election as "Elector for President and Vice-President of the United States." 10 ILCS

standing in argue for the constitutionality of Illinois laws – it is the duty of the Attorney General's office to defend the constitutionality of Illinois laws. Proposed intervenors cannot be defendants in this matter – they are not state actors – and they are certainly not plaintiffs either. They have no place in this 42 U.S.C. 1983 action for denial of First and Fourteenth amendment rights.

Proposed intervenors will add nothing to this litigation. However, their ulterior motivation is apparently a "lawfare" campaign to burden Team Kennedy and unduly delay the progress of this matter to the detriment of a prompt adjudication of the parties' rights. Accordingly, this Court should exercise its discretion to deny the motion to intervene.

Courts routinely "consider the same facts and circumstances used to determine whether intervention was appropriate under Rule 24(a) to determine whether the court should use its discretion to permit intervention under Rule 24(b)." *Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc*., No. 09-1572, 2017 WL 1376298, at *8 (W.D. Pa. Apr. 17, 2017). However, if the Constitution requires all parties to satisfy Article III standing, then <u>all</u> intervenors must similarly meet this requirement.

### Objectors lack Article III Standing to intervene.

In the Seventh Circuit, both permissive and as-of-right intervenors must satisfy Article III standing. *Solid Waste Agency of N. Cook County v. United States Army Corps of Eng'rs*, 101 F.3d 503 (7th Cir. 1996); *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 984 (7th Cir. 2011); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571,

---

5/2A-1.2 (Emphasis supplied). Defendants cannot add to or expand the offices filled at the general election beyond those expressly identified.

573 (7th Cir. 2011) (discussing, specifically, that standing is required for both intervention types). *See also* discussion in *Common Cause Indiana v. Lawson*, No. 1:17-cv-03936-TWP-MPB (S.D. Ind. Feb 27, 2018), and cases cited therein.

In *Town of Chester, N.Y. v. Laroe Estates, Inc*., 137 S. Ct. 1645, 1651 (2017), the United States Supreme Court cited the *Spokeo* case to hold that an intervenor must have Art. III standing if s/he is seeking relief in addition to the relief requested in the complaint including, "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*, citing *Spokeo, Inc. v. Robins*, 578 U. S. 330, (2016).

"Our standing decisions make clear that standing is not dispensed in gross. To the contrary, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester*, 137 S.Ct. at 1650. Thus, for all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a co-plaintiff, or an intervenor of right. *Id*  An intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that requested by the plaintiff.

Commentators observed that it would be illogical to require an intervenor as of right (i.e., as a "party") to have Article III standing, but overlook such a requirement for a "permissive" intervenor. *See*, Tyler R. Stradling and Doyle S. Byers, *Intervening in the Case (or Controversy): Art. III Standing, Rule 24 Intervention, and the Conflict in the Federal Courts*, 2003 BYU L.Rev. 419 (2003) at pgs. 116-119;128-130 https://digitalcommons.law.byu.edu/lawreview/vol2003/iss1/9 (Last visited August 21, 2024). Stradling & Byers were proven incorrect when they predicted, at fn. 186 that "when the U.S. Supreme Court addresses this issue, it will hold that Rule 24

intervenors need not possess Article III standing to enter an existing case", as *Town of Chester* proved otherwise. *Town of Chester*, 137 S.Ct. At 1650.

In this case, the Electoral Board objectors are the proposed intervenors that continue to plague the Kennedy campaign despite no longer having any interest the outcome of this litigation. They have no standing to independently "help" the State Board defend the constitutionality of the Illinois Election Code, and it is unclear what, if anything they could offer that would not already be addressed by the State Board of Elections and the Attorney General's office.

The Plaintiffs in this action are asking this court to determine what if any State interest there is to restricting circulation of petitions along party lines, and declare and enjoin such laws as being an unconstitutional restriction upon First Amendment ballot access. Moreover the objectors have suffered no injury, and will suffer no injury when the federal constitution is upheld. In fact, the upholding of laws is precisely what objectors asked of the State Officers Electoral Board in their objectors' petition, when they stated their desire to "see[] that the election laws...are properly complied with."

"The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit." *Solid Waste Agency of Northern Cook County*, supra, 101 F.3d 503, citing David L. Shapiro, "Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators," 81 Harv.L.Rev. 721, 726-27 (1968). There is no question that those who enlisted Joseph Mullen Duffy and Zach Koutsky have an interest in keeping

the Kennedy candidacy off the ballot; however, that interest is not, and cannot be, legally-protected. Such is not the intent of the First Amendment.

**Although Proposed Intervenors have not met their burden, in the alternative, intervention should be limited to the issues and parties in the proceeding below.**

It has been shown that the proposed intervenors cannot intervene as a matter of right; and the Court of Appeals for the Seventh Circuit requires standing of all proposed intervenors.  In addition, all Plaintiffs argue that it would be imprudent and unjust to allow proposed intervenors permissive intervention. However, should this honorable court be so inclined to grant the intervention, the intervenors should then be restricted to issues raised during the proceeding before the Illinois State Officers Electoral Board, and not be allowed extend and multiply this litigation in regards to other issues concerning the constitutionality of the Illinois Election Code or assert any position regarding other Plaintiffs in this litigation. Certainly they have no rights or interest, or standing, to defend the Illinois Election Code, let alone assert claims against parties to whom they did not raise objections before the State Officers Electoral Board.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this court deny the proposed intervenors' Motion to Intervene, and grant Plaintiffs' their requested relief.

Respectfully submitted,

Dated:  August 21st, 2024

/s/ **Christopher D. Kruger**_____
Law Office of Christopher Kruger
2022 Dodge Avenue
Evanston, IL 60201

847.420.1763
chris@kruger-law.com

Paul A. Rossi, Esq.
IMPG Advocates
*Counsel for Plaintiffs*
316 Hill Street
Suite 1020
Mountville, PA  17554
717.961.8978
Paul-Rossi@comcast.net