IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEAM KENNEDY, LIBERTARIAN PARTY OF ILLINOIS, ROBERT F. KENNEDY JR., WILLIAM REDPATH, and ANGEL OAKLEY ) ) ) ) | |
| Plaintiffs, ) | No. 24-cv-07027 |
| vs. ) ) ) | |
| ILLINOIS STATE BOARD OF ELECTIONS, ) and BERNADETTE MATTHEWS, in her ) official capacity as the Executive Director ) of the Illinois State Board of Elections,) ) | Honorable John Kness<br><br>Magistrate Judge<br>Jeannice W. Appenteng |
| Defendants. ) | |

PLAINTIFFS' MOTION FOR LEAVE TO CITE TO
SUPPLEMENTAL AUTHORITY

Now come the Plaintiffs, and Pray this Honorable Court for leave to cite to supplement authorities issued after the conclusion of briefing and oral argument on Defendants' Motion to Dismiss, and state in support of, the following:

1. On January 14th, 2026, after the close of briefing and oral argument on the Motion to Dismiss in this case, the United States Supreme Court issued its Opinion in *Bost et al. v. Illinois State Board of Elections et al.*, No. 24–568, 607 U. S. _ (2026). Attached.

2. On January 23rd, 2026, after the close of briefing and oral argument on the Motion to Dismiss in this case, the United States District Court for the Eastern District of North Carolina issued its Order in *Ortiz et al.,*

1

*Plaintiffs, and Cornel West, et al., Intervenor-Plaintiffs v. North Carolina State Board of Elections, et al.,* 24-CV-420-BO-BM (January 23rd, 2026) (D.N.C. 2026). Attached.

3. In the *Bost* case the Court reversed and remanded the Seventh Circuit's decision at 114 F. 4th 634, which had held that the *Bost* Plaintiffs lacked standing as their alleged damages were speculative.

4. In reversing the Seventh Circuit, the *Bost* majority's opinion took an expansive view of candidate standing.

5. In addition, the *Bost* Court expressed, at page 7 of the slip opinion, a preference for challenges to state election law to be filed early in the election cycle: "Premising standing on a candidate's risk of election loss or failure to achieve a certain vote threshold could channel many election disputes to shortly before election day—or worse, after." Id.

6. In *Ortiz,* a District Court case analogous to the case at bar, the Plaintiffs, consisting of an aspiring political party and an intervening independent candidate moved for summary judgment seeking a declaratory judgment that the defendants' application of a North Carolina election statute was unconstitutional. In opposition, defendants asserted that the case was moot, because the 2024 election had come and gone. *Ortiz* is cited as persuasive authority,

7. The District Court, citing, *inter alia*, *FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) held that "this very case is a repetition of the

2

unconstitutional conduct at issue" in an earlier ballot access lawsuit in that District, and therefore fell within the exception to mootness.

Respectfully,

/s/ Christopher D. Kruger

Law Office of Christopher Kruger
2022 Dodge Avenue
Evanston, IL 60201
847.420.1763
chris@kruger-law.com

/s/ Andrew Finko
875 N. Michigan Ave.
Suite 3100
Chicago, IL 60611
(773) 480-0616
Finkolaw @ Fastmail. FM

**Service List:**

**All parties of record via ECF filing system.**

**s/ Christopher D. Kruger**